### KNICKERBOCKER CHOCOLATE CO. v. GRIFFING et al.

(Circuit Court, E. D. New York. March 7, 1906.)

**TRADE-MARKS AND TRADE-NAMES—UNFAIR COMPETITION—MARKING STRIPS OF CHOCOLATE.**

Complainant made and sold slabs of sweet chocolate separated into strips and each strip into two divisions by an indentation. On each division there was an oval disc in one of which were the figures "16" and on the other the words and figure "to 1" reading on each strip "16 to 1." Defendant sold similar slabs except that the strips were not precisely of the same dimensions and were divided into three divisions each having a raised shield thereon containing in succession "3"

"for" and "1" making the device on each strip read "3 for 1," each strip being sold at retail for one cent. *Held*, that defendants' device was not so similar to that of complainant as to be likely to deceive purchasers or as to constitute unfair competition, in the absence of evidence that any one had in fact been misled thereby, the boxes in which the slabs were packed being dissimilar.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 81.

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Suit for unfair competition.

Wilson, Barker & Wilson (Frank Barker, of counsel), for complainant.

Ralph Underhill (Henry M. Turk, of counsel), for defendants.

THOMAS, District Judge. The bill is filed to restrain the defendants from using certain expression of figures and letters on strips of chocolate, upon the ground that it infringes complainant's device, which is indicated also on strips of chocolate. The chocolate in each case is manufactured in slabs. The complainant's slab has five strips, the defendants' slab has four strips. In such form it comes to the final vendor, who usually sells to customers buying one strip for one cent. Each of complainant's strips has two equal rectangular divisions, with an intervening indent, while the defendants' strip has three such divisions, with similar intervening indents. The defendants' strip is slightly longer, and the other dimensions are slightly different. On each division of defendants' strip is raised a shield. On the first shield is the figure "3," on the second the word "For," on the third the figure "1," the whole reading, on the entire strip, "3 For 1," which the defendants claim means, " '3 for 1' cent." The complainant's strip bears on the first of its two divisions an oval disc, whereon is the figure "16," while on the second division, and on a similar disc, is "To 1"; so that the whole reads "16 To 1," and has reference to a phrase used in a late political agitation. It has proved an attractive design, and for some years has been increasingly popular and remunerative. The forms of the strips aside from the inscriptions show nothing peculiar to the product of either party. The boxes used by the defendants do not copy the inscriptions used by complainant, which have very decided and distinguishing marks, and in terms declare a trade-mark which is not "16 To 1." In fact the defendants' boxes show only, "3 for 1 Sweet Chocolate." There is no claim substantiated that any person would or could be misled when the chocolate is sold in boxes, each of which apparently contain several pounds. But complainant urges that the chocolate is finally sold on stands in the street, or in small stores, to persons of imperfect education and inferior powers of discrimination, who usually buy a single strip for one cent, and that the defendants' device is so similar to its own that the purchaser would be misled by the similarity. The complainant does not prove this charge by evidence of actual happening, and hence the question is, whether the defendants' device is so similar to the complainant's, that it is calculated to deceive the consumer. There is no resemblance

between "16" and "3," or "To" and "For"; but, of course, "1" does look like "1."

But the real question is as to the similitude of the ensemble, and in that regard there does not seem to be much opportunity for mistake. If it be taken for granted that the purchaser of these confections is not a person of the most sensitive taste, that by reason of tender age or other impeding disability, he reads not at all, or uncertainly and with temptation to error, yet it is going very far to conclude that the patron of a street stand does not know what he wants, or can be beguiled, easily by appearance or representations to accept an article different from that which has customarily been his choice. If he cannot read at all the legend is of no consequence, unless the similarity of design would mislead. Certainly, such devotee of saccharin chocolate would not mistake a strip with three members, marked "3 For 1," for a strip with two divisions, marked "16 To 1." If he could read he would find every character but two different, that is, the final division would show "1," and the letter "o" occurs in different words in different relations. It is true that the proprietor of the establishment, when solicited for "16 To 1," might, in disregard of mercantile honor, pass out the defendants' chocolate, or that of some other maker. But if the alert purchaser did not discover the imposition, it probably would not be because he was misled by the brand, but because he did not notice the brand at all, nor awaken to the fraud until after consumption. Then the disparity claimed between the quality of the complainant's and defendants' goods might produce such digestive disturbance as to make him cognizant of the fraud, and more observant in the future. However, such derangement could hardly be attributable to the fact that the slab of consumed chocolate bore the emblem "3 For 1" rather than "16 To 1," but would result from his blind confidence in the commercial integrity of the vendor. The question is a matter of judgment, and the present conclusion is that the complainant has not such monopoly for imprinting figures on slabs of chocolate intended for sale, that it can exclude the defendants from printing on each of their slabs a statement that "3 For 1" is the offer which they make to the customer.

The bill should be dismissed.